

FILED
CLERK, U.S. DISTRICT COURT

March 7, 2016

CENTRAL DISTRICT OF CALIFORNIA
BY: ___AF___ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE EXTRADITION OF<br><br>JUAN MANUEL PEREZ-CUEVA,<br><br>A Fugitive from the Government of Mexico,<br><br>_____ | CASE NO. 16-0233M<br><br>ORDER OF DETENTION |

On February 9, 2016 fugitive Juan Manuel Perez Cueva ("Perez-Cueva") appeared before the Court for initial appearance following his arrest on a complaint for provisional arrest with a view towards extradition. According to the complaint, Perez-Cueva was found guilty of the crime of parricide and sentenced to a term of 25 years imprisonment on March 9, 2013, by the Sixth Chamber for Criminal Matters of the Court of Appeals in Jalisco, Mexico. On April 6, 2013, a superseding arrest warrant for Perez-Cueva was issued by the Fourth Judge for Criminal Matters on the First Judicial District of Jalisco, Mexico. The Complaint was filed on February 4, 2013. (Docket No. 1).

The Court appointed Deputy Federal Public Defender Andre Townsend to represent Perez-Cueva at the initial appearance. At Mr. Townsend's request, the detention hearing

was continued to February 12, 2016 at 11:00 a.m. Perez-Cueva was ordered detained pending the continued detention hearing. (Docket No. 8).

Pursuant to the parties' request, and after Perez-Cueva retained private counsel, the detention hearing was continued to February 16, 2016 and further continued to February 26, 2016. (Docket Nos. 10-12, 14). The matter was taken under submission following oral argument at the hearing on February 26, 2016. (Docket No. 17).

The Court has reviewed the Complaint, the Government's request for detention pending extradition proceedings, the facts set forth in the initial and updated report prepared by Pretrial Services and its recommendation of detention pending extradition proceedings, the exhibits submitted by Perez Cueva,[1] and the case authority cited by counsel at the hearing. For the reasons set forth below, the motion for bail is DENIED.

As noted in the government's brief in support of detention, there is a presumption *against* bail in foreign extradition circumstances and only "special circumstances" can justify release on bail. In re Extradition of Kirby, 106 F.3d 855, 858 (9th Cir. 1996) (quoting Wright v. Henkel, 190 U.S. 40, 63 (1903)); accord United States v. Salerno, 878

---

[1] Perez Cueva submitted the following exhibits in support of his argument for bail: Exhibit A: pages 1 and 162 of the Acquittal and Reversal of conviction in the murder of Karina Guadalupe Ponce Lopez by the Sixth Chamber Criminal Court of Appeals of the State of Jalisco, Appeal No. 993/2011, on November 29, 2011, and the Order of Release of Juan Manuel Perez-Cueva from custody; Exhibit B: selected pages from the Amparo lawsuit filed in *Ponce vs. 6th Chamber Criminal Court of Appeals of the State of Jalisco,* in Case No. 307/2012, on February 27, 2013; Exhibit C: Ruling by the Chamber Criminal Court of Appeals of the State of Jalisco in Case No. 993/2011, on March 19, 2013; and Exhibit D: an "Amparo" lawsuit filed on February 17, 2016 in *Juan Manuel Perez Cueva vs. 4th Criminal Trial Court of the State of Jalisco* (unassigned case number). These exhibits were accompanied by certifications of Spanish language translations but were not certified documents.

F.2d 317 (1989). This presumption "exists due to the foreign relations interest of the United States in successfully returning persons subject to criminal prosecution to the requesting country." In re Extradition of Nacif-Borge, 829 F.Supp. 1210, 1214 (D.Nev. 1993). "The party seeking release on bail has the burden of showing that special circumstances exist." In re Extradition of Santos, 473 F.Supp.2d 1030, 1035 (C.D. Cal. 2006). Because an extradition proceeding is not a criminal case, the Bail Reform Act of 1984 does not govern, nor is its presumption in favor of bail a part of extradition proceedings. Kamrin v. United States, 725 F.2d 1225, 1227-28 (9th Cir. 1984).

"The term, 'special circumstances,' however, 'has never been precisely defined and courts have addressed on a case by case basis particularly sufficient circumstances that would reverse the strong presumption against bail.'" In re Extradition of Santos, 473 F.Supp.2d at 1036. "Examples of [special] circumstances include the raising of substantial claims upon which the appellant has a high probability of success, a serious deterioration of health while incarcerated, and unusual delay in the appeal process." Salerno, 878 F.2d at 317. However, this list is not exhaustive and "the determination of what constitutes a 'special circumstance' is left to the sound discretion of the trial judge." In re Extradition of Santos, 473 F.Supp.2d at 1036. The Ninth Circuit has explained that issues common to all incarcerated defendants do not qualify as "special circumstances." In re Extradition of Smyth, 976 F.2d 1535, 1535-36 (9th Cir. 1992) ("The need to consult with counsel, gather evidence and confer with witnesses, although important, is not extraordinary; all incarcerated defendants need to do these things."). Even if a defendant can show "special circumstances" justifying bail, he must also demonstrate that there is no risk he will fail to appear for further extradition proceedings and that he is not a danger to the community." In re Extradition of Santos, 473 F.Supp.2d at 1035; United States v. Taitz, 130 F.R.D. 442, 444 (S.D. Cal. 1990) ("Special circumstances must exist in addition to absence of risk of flight.").

The standard by which a fugitive must demonstrate "special circumstances" is not entirely clear. Many courts have required clear and convincing evidence, see In re Extradition of Nacif-Borge, 829 F.Supp. at 1214-1215, while others have required only a preponderance of the evidence. See In re Extradition of Santos, 473 F.Supp.2d at 1036 n.4 (C.D. Cal. 2006). It is not necessary for the Court to resolve this issue because, even assuming that the standard is preponderance of the evidence, Perez-Cueva has failed to satisfy this standard.

At the detention hearing, counsel for Perez-Cueva contended that special circumstances warranted Perez-Cueva's release on bail because his conviction of the November 2008 murder of his then-wife, (see Complaint at 3), was reversed and he was *acquitted* of the murder on November 29, 2011. Following his release from custody, Perez-Cueva returned to the United States with two of his children. Perez-Cueva claims that he has been lawfully residing in the United States (as a dual citizen of Mexico and the United States) with his family members since 2011 and was not aware - until his arrest - that an arrest warrant had been issued for him in Mexico. Exhibit A purports to be the first and last page of the November 29, 2011 decision of the 6th Chamber Criminal Court of Appeals of the State of Jalisco, reversing Perez-Cueva's conviction and ordering his immediate release from custody. Exhibit B purports to be a February 27, 2013 decision granting an "amparo" lawsuit[2] filed by the father of Perez-Cueva's deceased wife, reversing the ruling of acquittal and directing the Supreme Court of the State of Jalisco to quash its November 29, 2011 judgment and pronounce a new judgment confirming the guilty verdict of the trial court. Exhibit C is the March 19, 2013 decision of the 6th Chamber Criminal Court of Appeals in compliance with the Amparo ruling which

---

[2] Counsel for Perez-Cueva explained that an 'amparo' action is similar to a writ of habeas corpus and is used to seek review of judicial decisions that violate the petitioner's constitutional rights.

authorizes the arrest of Perez-Cueva in accordance with the previous judgment against him. On February 17, 2016, Perez-Cueva filed an amparo lawsuit in Mexico challenging the issuance of the arrest warrant. See Exhibit D. Thus, Perez-Cueva contends that the circumstances surrounding the reversal of his conviction, the re-issuance of an arrest warrant, and his pending amparo lawsuit satisfy the special circumstances standard warranting his release on bail. The Court does not agree. The cases cited by counsel for Perez-Cueva in which courts have found special circumstances warranting release pending extradition are distinguishable. This is not a case involving lengthy or unusual delays in the legal proceedings. See In re Extradtion of Santos, 473 F. Supp.2d 1030, (C.D. Cal. 2006) (seven-month pre-hearing delay caused by two underlying arrest warrants that had been invalidated in Mexican courts); In re Extradtion of Morales, 906 F. Supp. 1368 (S.D. Cal. 1995) (lengthy delays caused by dismissal and refiling of complaint) . Notwithstanding Perez-Cueva's pending amparo action, the arrest warrant on which Mexico has requested extradition in this case has not been overturned and Perez-Cueva has failed to demonstrate, on the record before this Court, a high probability of success on the merits. See Salerno, 878 F.2d at 317.

Perez-Cueva also claims that his release would not pose a flight risk because of his longstanding family ties to the Central District, which include parents, his minor children, and siblings, his employment, and his lack of foreign travel to any country other than Mexico, the country that is seeking his extradition. Additionally, Perez-Cueva contends that release on bail would permit him to (1) actively assist counsel in Mexico in pursuing the pending *amparo* action challenging the arrest warrant; and (2) participate in proceedings, currently pending in state court, relating to the alleged unlawful removal of his minor children from Mexico when he returned to the United States in 2011. The Court rejects these grounds as a special circumstance in favor of granting bail. The inability to assist counsel and appear at pending court proceedings are hardships faced by all incarcerated persons and do not constitute 'special circumstances' warranting release.

Extradition of Smyth, 976 F.2d at 1535-36 (special circumstances must be "extraordinary" and not factors applicable to all fugitives facing extradition). The Court also finds the pending state court proceedings which essentially accuse Perez-Cueva of international parental kidnaping a factor that militates against release on bail due to the seriousness of those allegations. Moreover, Perez-Cueva's assertion that he has resided in Southern California since on or about 1992 is belied by the fact that he was convicted of, and served time in custody in Mexixo for, the murder of his wife. Accordingly, the Court finds that Perez-Cueva has failed to show special circumstances justifying release on bail in this case.

For the reasons set forth above, the Court finds that the Perez-Cueva's release on bail will pose both an unacceptable risk of flight and a danger to the community. Therefore, Perez-Cueva will be detained pending further proceedings in this extradition matter.

IT IS THEREFORE ORDERED that fugitive Perez-Cueva be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

IT IS FURTHER ORDERED that fugitive Perez-Cueva be afforded reasonable opportunity for private consultation with counsel.

IT IS FURTHER ORDERED that, on order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which fugitive Perez-Cueva is confined deliver him to a United States marshal for the purpose of an appearance in connection with a court proceeding.

| | |
|---|---|
| 1 | Counsel for Perez-Cueva is directed to file Exhibits A, B,C, and D with the Court. |
| 2 | |
| 3 | DATED: March 7, 2016. |
| 4 | |

                                              /s/
                                 ALKA SAGAR
                      UNITED STATES MAGISTRATE JUDGE